No. 1495.—LOUIS TROST *v.* MOSES FOX and HENRY WEBER.

No appeal lies from a judgment not signed by the judge *a quo.*   C. P. 546; 3 An. 62; 12 An. 756.

APPEAL from Fourth District Court, parish of Orleans. *Théard,* J. *W. W. Handlin,* for plaintiff and appellee. *J. J. E. Planchard,* for defendants and appellants.

LUDELING, C. J.   The record in this case shows that the judgment appealed from is not complete—it is not signed by the district judge. Code of Practice, art. 546; 17 La. 485; 4 R. 52; 3 An. 62; 12 An. 756.

It is therefore ordered that the appeal be dismissed, at the cost of the defendants and appellants.

Rehearing refused.

---

No. 2546.—ROSETTE E. STORRS *v.* EDWARD THOMPSON et al.

An appeal does not lie from a judgment not signed by the judge *a quo.*

APPEAL from Fourth District Court, parish of Orleans. *Théard,* J. *John A. Grow,* for plaintiff and appellant. *John McKee,* for defendant and appellee.

LUDELING, C. J.   The appeal in this case is premature; the record shows that the judgment appealed from has not been signed.

It is therefore ordered that the appeal be dismissed at the cost of the appellant.

---

No. 2603.—JOHN CHASTANT *v.* LEON STRONG.—P. RAMIREZ *v.* J. GON-ZALES et al.

A twelve months' bond, given by the purchaser of property at sheriff's sale, being an unconditional obligation to pay money at a specified time, is prescribed in five years from maturity.

APPEAL from District Court, parish of Assumption. *Beauvais,* J. *LeBlanc & Folse,* for plaintiff and appellant. *Bush & Goode,* for defendants and appellees.

HOWELL, J.   The question in this case is, whether or not a twelve months' bond, given by the purchaser of property at sheriff's sale, is prescribed by five years.

It is a written obligation to pay a person therein named, absolutely and unconditionally a certain sum of money at a time specified therein. The additional stipulations refer only to the remedy or means of enforcement in case of its non-payment at maturity.

It is within the class of written instruments declared, in the case of the Bank of Louisiana *v.* D. P. Williams and wife, 21 An. 121, to be prescribed as promissory notes.

It is therefore ordered that the judgment appealed from be reversed, and that the injunction sued out by Pierre Ramirez herein be perpetuated, with costs in both courts.